MAR 14 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **Gary Wall,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 1:09cv574 (TSE/TCB) |
| ) | |
| **Lt. Ruffin,** ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Gary Wall, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging in pertinent part that he was subjected to the use of excessive force at Sussex II State Prison ("Sussex II"). The matter is now before the Court on several motions. Defendant Lt. Ruffin has filed a Motion for Summary Judgment and supporting memorandum of law, arguing that plaintiff's claim cannot be entertained as plaintiff failed to exhaust his administrative remedies prior to bringing this federal action. Plaintiff was provided with notice as required by Local Rule 7(k) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) that he could file responsive materials within twenty (20) days, and plaintiff filed a response on October 27, 2011. For the reasons which follow, defendant's Motion for Summary Judgment must be denied, without prejudice to his ability to file a renewed summary judgment request on the merits of plaintiff's claim.

Also before the Court are additional motions by both parties pertaining to discovery requests by plaintiff and other matters. For the reasons explained below, plaintiff's request for an extension of time to provide the Court with the name and location of the defendant now

denominated as "Lt. Name Unknown" will be granted, and defendant's Motion for Protective Order will be denied. Defendant will be allowed thirty (30) days within which to respond to plaintiff's Request for Production of Documents and Interrogatories. Lastly, defendant Lt. Ruffin's Motion to Substitute Attorney will be granted.

## I. Background

In the initial complaint in this action, Wall alleged nine claims of violations of his constitutional rights. By Order dated June 29, 2009, claims 1 through 5 and 7 through 9 of the complaint were dismissed, and plaintiff was directed to particularize and amend his allegations in an Amended Complaint with respect to claim 6, where plaintiff alleged that he was subjected to the use of excessive force by Lt. Royals and a "John Doe" officer at Sussex II on January 4, 2009. In the Amended Complaint, plaintiff identified the individual he formerly denominated "John Doe" as Lt. Grey. Subsequently, the Office of the Attorney General informed the Court that VDOC never had an employee named Royals at plaintiff's institution, and that no VDOC employee named Grey was working at the institution during time period relevant to plaintiff's claim. Plaintiff thereupon moved for leave to amend to substitute Lt. Ruffin and an officer identified as Lt. Name Unknown as the individuals who allegedly applied excessive force. Plaintiff's motion was granted, Lt. Ruffin was served with the amended complaint, and plaintiff was directed to provide the Court with the name and location of Lt. Name Unknown within thirty (30) days.

## II. Defendant's Motion for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that summary judgment is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden of production then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Facts the moving party bears the burden of proving are facts that are material. As the Supreme Court has noted, "the substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).

Under the Prison Litigation Reform Act ("PLRA"), an inmate must exhaust any available administrative remedies as to his claim before pursuing a § 1983 action in federal court. This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover,

administrative exhaustion is mandatory, and courts lack the authority to waive that requirement. Id. at 524; see also, Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005). However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of [the administrative remedy]." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Thus, courts must ensure that any defects in the exhaustion process were not caused by the action or inaction of prison officials. Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007).

Here, defendant argues in his Memorandum in Support of Motion for Summary Judgment that plaintiff's claim should be dismissed for his failure to comply with the exhaustion requirement. Appended as a exhibit to the Memorandum is the affidavit of Wanda Rollins, Operations Officer at Sussex II. Affiant states that she reviewed Wall's grievance records, and that "there are no records that indicate offender Wall submitted an informal complaint or regular grievance concerning the allegations" giving rise to this lawsuit. Rollins Aff. ¶ 8.

Plaintiff has filed a response to defendant's summary judgment motion supported by several exhibits. Plaintiff states under penalty of perjury that his attempts to exhaust his administrative remedies as to his present claim were thwarted by prison officials. Specifically, plaintiff states that after his assault at Sussex II on January 4, 2009, he was transferred on an emergency basis to Sussex I State Prison the following day. When an institutional investigator came to speak to him on January 6, plaintiff informed her of the assault but was told that because he didn't know the identity of his assailants, his claim could not be investigated. Plf. Resp. at 2. The investigator told plaintiff he would have to address the issue with Sussex II. The following day, plaintiff told his Unit Manager at Sussex I about the assault, and she told him once again

4

that he needed to contact Sussex II about his issues. Id. Plaintiff wrote several informal complaints to Sussex II on January 8, 2009 which included the issue of his assault by officers at Sussex II. Plf. Resp. at 3. When plaintiff received no response within 15 days, he resubmitted a second set of informal complaints on January 23. Id. Plaintiff mailed his disciplinary appeal on January 28, and became suspicious that his mail was being "trashed" because he received no responses to any of his mailings. Id. On January 30, plaintiff sent a request to the mailroom to confirm that his mail was being posted, a copy of which is attached as an exhibit to plaintiff's response. On February 5, a staff member responded that "per policy, we don't log special purpose mail, only legal." Plf. Resp., Att. 2. Plaintiff proceeded to file a grievance concerning the alleged interference with his mail, Plf. Resp., Att. 3, which was forwarded by the Regional Ombudsman to the VDOC Regional Ombudsman on March 11, 2009. Plf. Resp., Att. 4. When plaintiff received no response, he sent a letter of inquiry to the Regional Director, and on March 11, 2009, Warden Senior D. B. Everett responded that the letter had been forwarded to him for investigation and a response. According to the Warden Senior, the response to plaintiff's appeal was returned to him on or about February 25, 2009. Plf. Resp., Att. 5 - 6.

At this juncture, defendant as the movant for summary judgment has failed to carry his burden to demonstrate that no genuine issues of material fact are present for resolution. Cf. Celotex Corp., 477 U.S. at 322. Specifically, plaintiff's sworn response and exhibits call into question the availability of administrative remedies to him for the claim under consideration here, because they suggest that plaintiff may have been prevented from availing himself of administrative remedies through the actions of prison officials. See Moore, 517 F.3d at 725; Aquilar-Avellaveda, 478 F.3d at 1225. Accordingly, defendant's Motion for Summary Judgment

must be denied. Defendant will be allowed an opportunity to move for summary relief on the merits of plaintiff's claim, should he wish to do so.

### III. Additional Motions

As noted above, plaintiff previously was directed to provide the Court with the name and location of defendant Lt. Name Unknown within thirty (30) days. Plaintiff has moved for an extension of that period, on the ground that he needs additional time to seek the information through discovery. In consideration of his pro se status, plaintiff's request for an extension will be granted, and he will be allowed an additional thirty (30) days from the date of this Order to supply the name and whereabouts of Lt. Name Unknown. Plaintiff is cautioned that failure to do so within the time specified will result in the dismissal of Lt. Name Unknown as a party to this action pursuant to Fed. R. Civ. P. 4(m).

On October 4, 2011, plaintiff served on defendant Lt. Ruffin a Request for Production of Documents and Video Recordings, as well as a set of Interrogatories. On October 14, defendant moved for a protective order on the ground that the discovery requests were premature since his then-pending Motion for Summary Judgment might be dispositive of the case. As that Motion is being denied herein, defendant's Motion for Protective Order also must be denied, and he will have thirty (30) days within which to respond to plaintiff's discovery requests.

Lastly, defendant has moved for an Order substituting Assistant Attorney General J. Michael Parsons as counsel of record for defendant, as his previous counsel is no longer employed with the Office of the Attorney General. Defendant's motion must be granted.

### IV. Conclusion

For the foregoing reasons, defendant's Motion for Summary Judgment must be denied,

and he will be permitted thirty (30) days within which to move for summary adjudication of plaintiff's claim on the merits, should he wish to do so. Defendant's Motion for Protective Order will be denied, and defendant shall have thirty (30) days within which to respond or object to plaintiff's discovery requests. Plaintiff's Motion for Extension of Time and defendant's Motion for Substitution of Counsel both must be granted. An appropriate Order shall issue.

Entered this 14th day of March 2012.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge