FILED
AUG 2 2 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Gary Wall,<br>    Plaintiff, | )<br>)<br>) |
| v. | )     1:09cv574 (TSE/TCB)<br>) |
| Lt. Ruffin,<br>    Defendant. | )<br>)<br>) |

MEMORANDUM OPINION

Gary Wall, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging in relevant part that his rights under the Eighth Amendment were violated by defendant Lt. Ruffin's use of excessive force while plaintiff was confined at Sussex II State Prison. In the initial complaint, plaintiff alleged nine claims of violation of his constitutional rights. Following an initial screening, claims 1 through 5 and 7 through 9 of the complaint were dismissed for failure to state a claim, and plaintiff was directed to particularize and amend his allegations with respect to his claim that his Eighth Amendment rights were violated he was subjected to the use of excessive force by Lt. Royals and a "John Doe" officer. Plaintiff subsequently filed an amended complaint identifying the individual he formerly denominated "John Doe" as Lt. Grey. By Order dated June17, 2011, the amended complaint was filed, and Notices of Lawsuit and Requests for Waivers of Service of Summons were sent to the Attorney General of Virginia on behalf of Lt. Royals and Lt. Grey. However, that office subsequently informed the Court that it could not accept service of process on behalf of Lt. Royals and Lt. Grey, because no Virginia Department of Corrections employee named Royals

1

had ever worked at plaintiff's institution, and no employee named Grey was working there during the time period relevant to plaintiff's claim. Plaintiff then notified the Court that the individual he previously had identified as Lt. Royals in fact was Lt. Ruffin, and that he did not know the identity of the second officer.

On October 7, 2011, defendant filed an Answer and a Motion for Summary Judgment, along with a supporting memorandum and exhibits. Defendant argued that plaintiff's claim was subject to dismissal because he had not complied with the Prison Litigation Reform Act's administrative exhaustion requirement. By Memorandum Opinion and Order dated March 14, 2012, defendant's motion was denied, without prejudice to his ability to move for summary judgment on the merits of plaintiff's claim within thirty (30) days. In addition, defendant was ordered to respond to plaintiff's request for production of documents within thirty (30) days, and plaintiff was directed to provide the Court with the name and location of the unknown defendant within thirty (30) days, failing which he would be dismissed as a party to the action.

On April 14, 2012, defendant Ruffin filed the Motion for Summary Judgment now before the Court, along with the notice required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K). Plaintiff responded by filing motions: (1) for an enlargement of time to provide the Court with the name and whereabouts of the unknown defendant; (2) for an order compelling defendants to respond to his discovery requests; and (3) for leave to amend the complaint to substitute Lt. Thomas for "Lt. Name Unknown." Plaintiff subsequently submitted a response to defendant's motion for summary judgment with numerous exhibits. For the reasons which follow, the Motion for Summary Judgment must be granted, and summary final judgment must be entered in favor of Lt. Ruffin. Plaintiff's motions for an enlargement of time and to

compel discovery will be denied, as moot, and his motion to amend the complaint will be granted, to the extent that plaintiff's substitution of Lt. Thomas for "Lt. Name Unknown" is acknowledged in this Memorandum Opinion.

## I. Background

In the amended complaint, plaintiff alleges that on January 4, 2009, he was housed in Delta Pod at Sussex II state prison. Am. Compl. at 2. At approximately 6:35 p.m., plaintiff complied with an order to lay down to be handcuffed. After plaintiff was handcuffed he was being escorted out of the pod by two officers when Lt. Ruffin allegedly grabbed plaintiff's head from behind and rammed the right side of his face into a wall. Id. Plaintiff lost consciousness but was awakened by several punches to his face by another officer. Id. He then allegedly was dragged down the stairs and was kicked repeatedly in the side and back by another officer. Id. at 2 - 3. While plaintiff was waiting outside after exiting the building, another officer grabbed him by the throat and began to choke him and "knock" his head against the wall. Id. at 3. Plaintiff also was punched in the ribs, but was uncertain which officer did so. Id. Plaintiff claims that the foregoing actions constituted excessive force and violated his rights under the Eighth Amendment, and he seeks an award of compensatory and punitive damages.

In support of his Motion for Summary Judgment on the foregoing claim, defendant Lt. Ruffin has submitted exhibits in the form of affidavits which demonstrate the following material facts. On January 4, 2009, Corrections Officer G. Pelham was stationed in the control booth in the 4C pod at Sussex II. Pelham Aff. ¶ 4. At around 6:25 p.m., plaintiff Gary Wall left the pod for programs. Id. However, he returned only a few minutes later, at 6:33 p.m., because he did not have his ID card. Id. Pelham opened the door to Wall's cell to allow him to enter and

attempted to secure the door once Wall was inside, but Pelham was prevented from doing so because Wall had blocked the door. Id. Pelham turned on the "DXI box" in Wall's cell and repeatedly asked Wall to allow his door to be secured, but Wall refused. Id. Pelham got up from her computer and asked Officer Preston to go to Wall's cell to secure the door, and as Pelham got to the fire window, Wall exited the cell. Id. Pelham returned to her computer to see if the door was secure, and when she looked back into the pod she saw Wall "repeatedly punching" Officer Preston in the face and pushing Preston to the floor. Id. Pelham called a 10-33 and went to retrieve a weapon, and when she blew her whistle Wall backed off and went to stand by his cell. Id. Pelham opened the door to allow Sgt. Cockerham and Sgt. Walker to enter the pod, and the 10-33 was cleared by Sgt. Cockerham. Pelham then charged Wall with the disciplinary infraction of aggravated assault upon a non-offender, 105A. Id.

E. Ruffin, the defendant in this lawsuit, has submitted an affidavit stating that he formerly was a Lieutenant at Sussex II State Prison. Ruffin Aff. ¶ 1. According to records maintained in the regular and ordinary course of business, Wall attacked Officer Preston from behind on January 4, 2009, and during the course of the assault both fell on top of a steel pod bench and then fell to the floor. Ruffin Aff. ¶¶ 2, 4. Wall continued his assault on Preston until Control Booth Officer Pelham gave Wall a direct order to stop and an audible warning by blowing her whistle, and Wall ceased his attack. Id. Ruffin responded to the 4C pod after being alerted that a 10-33 (offender-on-staff) incident was in progress. Ruffin Aff. ¶ 5. When Ruffin arrived, Wall was being placed in handcuffs. Id. Ruffin was instructed to escort Wall by his left arm and Lt. Thomas escorted Wall by his right arm from the 4C pod to the shower area in Housing Unit 3A. Id. Wall was removed from the pod as quickly as possible to avoid involvement by other

offenders, because the incident occurred during recreation and many inmates were moving freely about in the pod area. Id.

As Wall was being escorted to the shower, he stated that he wanted to return to the mountains. Ruffin Aff. ¶ 6. Once they arrived at Housing Unit 3A, Wall was strip searched for concealed weapons, and Ruffin instructed medical to have a nurse come to the housing unit to make sure Wall had no injuries. Id. Nurse L. Roach complied and noted that Wall had sustained a bruise to his upper left cheek, a bruise to his bottom right jaw, and a cracked tooth on his upper gum line towards the back of his mouth. Id. Ruffin attests that he "did not at any time assault offender Wall. [He] did not assault [Wall] behind a stairwell as he alleges in his petition. [His] only physical contact with offender Wall on January 4, 2009 was to escort him from one housing unit to another." Ruffin Aff. ¶ 7.

Defendant has also supplied the affidavit of T. Moore, the Health Services Administrator at Sussex II. Moore attests that Wall was assessed for injures after a fight with a Corrections Officer on January 4, 2009. Moore Aff. ¶ 4. Records show that Wall was alert, and no open area was noted. Id. Wall had a bruised upper left cheek and bottom left jaw, a bruised right knee, and a cracked upper back right tooth. Id. Wall complained of pain in the tooth and was given 400 mg. of Motrin five times a day. Id. He was referred to the dentist for the tooth, and his chart was reviewed by a doctor on January 5, 2009. Id. The institutional complaint and treatment form relative to the incident is attached as an exhibit to Moore's affidavit.

Plaintiff has filed a counter-affidavit to those submitted by defendants. In it, he states that all of the injuries he sustained on January 4, 2009 were a direct result of an assault by Lt. Ruffin and Lt. Thomas in the stairwell of 4 Building and in front of 3 Building as he was being

escorted to the segregation pod. Wall Aff. ¶ 1. At no time was the incident between plaintiff and Officer Preston in 4C ever referred or described as a fight during Wall's institutional hearing or criminal prosecution. Wall Aff. ¶ 2. Plaintiff attests that he complied with a direct order to lay down and be handcuffed, so there was no need for the use of force. Wall Aff. ¶ 4. Plaintiff nonetheless was repeatedly assaulted by Lt. Ruffin and/or Lt. Thomas in an unprovoked attack, during which he never became uncooperative or disruptive in any way. Wall Aff. ¶¶ 5 - 6.

Plaintiff has appended several exhibits to his counter-affidavit. In addition to those discussed above,[1] Wall has supplied a copy of an Internal Incident Report submitted by Officer Pelham. It reflects that on 1/4/09 at 6:35, Wall "aggravatedly assaulted" Officer Preston by "repeatedly punching him in the face area and then pushing him to the floor." "Pod rec" was in progress, and Pelham had just left the security window on her way back to her computer when she turned around and saw Wall punching Officer Preston. Pelham called 1033, went for a weapon and blew her whistle so the other offenders would leave the area, and they complied. Pelham then opened the "slider" to let Sgt. Cockerham and Sgt. Walker into the pod. By that time all other offenders had moved to the back of the pod and the cells, and Wall took his shirt off and stood in front of his cell. Once Pelham blew her whistle Wall "back[ed] off." Pltf. Att. 2(b). The following day, the shift commander noted that internal review had been completed, and Wall had been transferred to "SISP," and internal affairs had been notified. Pltf. Att. 2(c).

Plaintiff has also provided a Disciplinary Offense Report signed by Officer Pelham charging him with aggravated assault upon a non-offender. It states that on 1/4/09, "Offender G.

---

[1] Among the exhibits Wall has filed are the affidavits of Officer Pelham, Lt. Ruffin, and Lt. Thomas described previously, as well as the complaint and treatment form supplied by Nurse Moore.

6

Wall #229438 aggravatedly assaulted CO Preston while in pod rec was in progress. Offender G. Wall # 229438 repeatedly punched CO Preston in the face area + pushing [sic] CO Preston to the floor." A disciplinary hearing was set for January 14, 2009, and Wall indicated that he wished to have an advisor to assist him at the hearing, he wished to request witnesses, and he wished to appear at the hearing. Pltf. Att. 2(d).

Plaintiff also has supplied an incomplete copy of a letter dated February 24, 2009 from D. B. Everett, the Warden of Sussex II, denying plaintiff's appeal from the finding of the committee that plaintiff was guilty of the disciplinary infraction. Plaintiff raised five issues on the appeal, all alleging procedural irregularities in the disciplinary proceedings which are not relevant here. However, contained within the warden's discussion of plaintiff's claims on the appeal is the following statement:

> Officer Pelham testified that on January 4, 2009 at approximately 1835, she noticed that you had returned to the Pod from a religious service. When she opened your cell door, you blocked the door and refused to move. Officer Pelham got up from the security desk, went to the control room window, and asked Officer Preston (Floor Officer) to secure your cell door. When Officer Pelham returned to the security desk, she saw Officer Preston on the ground, while you repeatedly punched the Officer in his face.

Pltf. Att. 3(a).

It is apparent that the Warden rejected Wall's appeal of his disciplinary sentence, because plaintiff has also supplied a letter dated April 20, 2009 from A. David Robinson, Director of VDOC's Eastern Region, upholding the finding of guilt. In pertinent part, the Regional Director stated:.

> This letter is in response to your appeal of the charge of AGGRAVATED ASSAULT UPON A NON-OFFENDER, offense

> code 105A, and offense date 1-14-09 that occurred at Sussex I State Prison. Your disciplinary hearing was held on 1-14-09 at Sussex I State Prison by the Hearings Officer of Sussex II State Prison and you were found guilty. After carefully considering your appeal, I have made the following determination:
>
> * * *
>
> A review of the recorded disciplinary hearing revealed that on 1-4-09, you went to religious services with several other offenders but returned to the pod to retrieve your ID card from your cell. The Reporting Officer who was on post in the immediate area noticed that you were standing in the doorway of your cell and instructed you several times on the intercom to move away from your cell but testified to the fact that you refused to do so. The Reporting Officer then asked Officer Preston to approach you and instruct you to move away from your cell door so that it could be secured. The Reporting Officer further testified as he was turning around, he observed you striking Officer Preston several times in the face while you forced him to the pod floor. The Reporting Officer then summoned assistance and Sgt. Cockerham, who was in the immediate area responded immediately and it was at this point that you halted your grievous assault upon Officer Preston.
>
> During the recorded hearing, it was observed that sufficient evidence was presented to convince the Hearings Officer that on 1-4-09, you did with purpose and forethought perpetrate an aggravated assault upon Officer Preston with the obvious intent to cause serious bodily injury to his physical person. During the hearing as well as in your submitted appeal packet, it was duly noted that you failed to present any viable evidence to the contrary that would cause this office not to uphold the Hearings Officer's decision that you were guilty of the offense as charged or consider the dismissal of the charge.
>
> Based upon this review, the charge is upheld.

Plf. Att. 3(b).

Lastly, plaintiff has included a copy of a letter written by an attorney in the Office of the Commonwealth's Attorney in Sussex County, Virginia to defense counsel regarding a Motion for Discovery filed in the case of <u>Commonwealth v. Gary A. Wall</u>, Docket No. CR09-181. Plf. Att.

6. Information available at the Virginia Courts Case Status and Information website indicates that plaintiff was indicted in that action on May 5, 2009 on a felony charge of malicious wounding of a correctional officer for an offense that occurred on January 4, 2009. On March 12, 2010, plaintiff pleaded guilty to an amended charge of unlawful wounding of a corrections officer, for which he received a sentence of three (3) years and seven (7) months in the penitentiary.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will

9

identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

In determining whether a complaint states an Eighth Amendment claim that defendants used excessive force, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also, Whitley v. Albers, 475 U.S. 312, 320-21 (1986). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated ... whether or not significant injury is evident." Hudson, 503 U.S. at 9. The extent of injury suffered by the inmate is relevant to the Eighth Amendment inquiry, both because it may suggest whether the use of force plausibly could have been thought necessary in a particular situation, Whitley, 475 U.S. at 321, and because it may provide some indication of the amount of force applied. Wilkins v. Gaddy, __ U.S. __, 130 S.Ct. 1175, 1178 (2010) (rejecting the notion that an excessive force claim involving only *de minimis* injury is subject to automatic dismissal). Nonetheless, "[i]njury and force ... are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the

good fortune to escape without serious injury." Wilkins, 130 S.Ct. at 1178-79.

Pursuant to these authorities, it takes little analysis to conclude that Lt. Ruffin is entitled to the summary judgment he seeks on plaintiff's claim of excessive force. The pleadings, affidavits, and exhibits on file demonstrate that Ruffin used no force in restraining plaintiff that was unreasonable under the circumstances. To the contrary, the evidence supplied by both the defendant and the plaintiff himself indicates that force was applied to plaintiff in a good-faith effort to restore discipline and order after plaintiff first prevented Officer Pelham from securing his cell door, and then attacked Officer Preston when he came to the cell to secure the door. Hudson, 503 U.S. at 7. The injuries plaintiff suffered - bruises and a cracked tooth - could plausibly have been thought necessary given the situation, Whitley, 475 U.S. at 321, and do not suggest that a greater amount of force was applied than would have been required to subdue Wall. Wilkins, 130 S.Ct. at 1178. Certainly, nothing whatever indicates that force was applied to Wall "maliciously and sadistically to cause harm." Hudson, 503 at 7.

The sole evidence plaintiff has offered to attempt to create disputed factual issues is his own counter-affidavit, in which he states without detail or additional explanation that his injuries resulted from an assault by Lt. Ruffin and Lt. Thomas, and that such treatment was not necessary because he had complied with a direct order to lay down to be handcuffed and never became uncooperative or disruptive in any way. Liberty Lobby, 477 U.S. at 248. As a general rule, the non-moving party may not defeat a properly-supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). Even where the non-moving party in such a situation is a pro se prisoner entitled to liberal construction of his

pleadings, a "declaration under oath ... is not enough to defeat a motion for summary judgment. He has to provide a basis for his statement. To hold otherwise would render motions for summary judgment a nullity." Campbell-El v. Dist. of Columbia, 874 F.Supp. 403, 406 - 07 (D.C. 1994). Pursuant to these authorities, plaintiff's conclusory counter-affidavit is insufficient to carry his burden to point out specific facts which create disputed issues with those demonstrated by the defendant. Liberty Lobby, 477 U.S. at 248.

Moreover, even if plaintiff's counter-affidavit could be viewed under other circumstances as creating sufficient issues of fact to warrant a trial, here plaintiff has appended exhibits to that counter-affidavit which utterly undermine his self-serving attestations. In fact, plaintiff's exhibits demonstrate not just that he was found guilty in institutional disciplinary proceedings of assaulting Officer Pelham during the incident at issue here, but also that he subsequently pleaded guilty in the courts of Virginia to the felony of unlawfully wounding a corrections officer. Since it is well recognized that where a conflict exists between the bare allegations of a pleading and an attached exhibit, the exhibit prevails, United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991), plaintiff's counter-affidavit in this case clearly fails to create a genuine issue of disputed fact. Since the evidence as a whole could not lead a rational fact finder to rule for the plaintiff, summary judgment is appropriate, and defendant Ruffin's motion for that relief must be granted. Matsushita, 475 U.S. at 587. Because defendant has established his entitlement to judgment as a matter of law on plaintiff's claim of excessive force, it is unnecessary for the Court to address his position on the question of qualified immunity.

## IV. Pending Motions

Currently pending before the Court are motions by plaintiff for production of documents, to propound interrogatories, for an enlargement of time to identify "Lt. Name Unknown" and to compel discovery, all of which will be denied, as moot. Plaintiff's Motion for Leave to File an Amended Complaint, in which he seeks to amend the complaint to substitute Lt. Thomas for the defendant identified as "Lt. Name Unknown," will be granted solely to the extent that the substitution is noted in this Memorandum Opinion.

## V. Conclusion

For the foregoing reasons, defendant Ruffin's Motion for Summary Judgment must be granted, and summary final judgment must be entered in his favor. Plaintiff's pending motions will be adjudicated as just described. An appropriate Order and Judgment shall issue.

Entered this 22d day of August 2012.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge